This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Clifford Culgan, appeals the decision of the Medina County Court of Common Pleas, which sentenced him to a total of ten years in prison for convictions of unlawful sexual conduct with a minor, corrupting another with drugs, and attempted pandering obscenity involving a minor, and adjudicated appellant a sexual predator. This Court affirms.
 I. {¶ 2} The victim in this case was a thirteen year-old girl who was temporarily living in appellant's home with him and his family. Evidence was presented that, between May and July of 1999, approximately thirty to forty sexual encounters took place between appellant and the victim at appellant's home. During this period of time, appellant provided the victim with alcohol and drugs, specifically crack cocaine and ecstasy. In one specific incident, once appellant had given the victim cocaine and alcohol, he and another woman stripped her naked, bound her by duct taping her wrists to her ankles, and made her lay on a pool table protected by plastic that was covered with baby oil. Appellant then engaged in sexual intercourse with the victim, with the other woman's involvement, while he videotaped the incident. Evidence was presented that appellant showed the videotape of this activity to several friends the next day.
 {¶ 3} On May 10, 2002, appellant pled guilty to one count of corrupting another with drugs, in violation of R.C. 2925.02(A)(4), a second degree felony; one count of attempted pandering obscenity involving a minor, in violation of R.C. 2923.02 with R.C. 2907.32(A)(1) and (A)(3), a third degree felony; and two counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, third degree felonies. The trial court ordered a presentence investigation report be completed for appellant's sentencing hearing.
 {¶ 4} Prior to appellant's sentencing hearing, appellant underwent a psychological examination, from which a psychological assessment was submitted to the court by psychologist Dr. Bendo. On August 2, 2002, the trial court held both a sentencing hearing and a sexual predator determination hearing for appellant. After the presentation of evidence and testimony, along with the presentence investigation report and appellant's psychological assessment, the trial court adjudicated appellant a sexual predator pursuant to R.C. 2950.09. The trial court also sentenced appellant to a prison term of seven years for corrupting another with drugs, with a concurrent three year term for one count of unlawful sexual conduct with a minor, both to run consecutively to concurrent terms of three years for the second count of unlawful sexual conduct with a minor and attempted pandering obscenity involving a minor. Appellant's total prison term was ten years. The final judgment of conviction was journalized on August 8, 2002.
 {¶ 5} Appellant timely appealed and set forth three assignments of error for review. However, appellant voluntarily withdrew his first assignment of error at oral argument and, therefore, this Court will review only appellant's second and third assignments of error.
 II. SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE TERMS WITHOUT MAKING THE REQUIRED FINDINGS ON THE RECORD."
 ¶ 6 In his second assignment of error, appellant argues that the trial court erred in sentencing him to consecutive terms without making the required findings on the record. This Court disagrees.
 {¶ 7} R.C. 2929.14(E)(4) sets forth the findings the trial court is required to make before the imposition of consecutive sentences:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 8} Additionally, R.C. 2929.19(B)(2)(c) requires the trial court to state its reasons for imposing consecutive sentences under R.C. 2929.14. If a trial court fails to make the required findings, the appellate court "shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." R.C.2953.08(G)(1).
 {¶ 9} This Court has held that these findings need not be in the sentencing transcript if they are articulated in the journal entry. Statev. Riggs (Oct. 11, 2000), 9th Dist. No. 19846. See, also, State v.Edmonson (1999), 86 Ohio St.3d 324, 327. Therefore, this Court may review both the hearing transcript and the journal entry when determining if the trial court complied with the statutory requirements. State v. Nixon
(Apr. 25, 2001), 9th Dist. Nos. 00CA007638 and 00 CA007624.
 {¶ 10} In this case, appellant argues that the trial court did not give its reasons for making the findings under R.C. 2929.14(E)(4) anywhere in the record as required by R.C. 2929.19(B)(2)(c).
 {¶ 11} The sentencing transcript reveals that the trial court stated the following with regard to its imposition of consecutive sentences:
 "The Court has to consider at this time whether these sentences should run consecutive with each other. Under Section 2929.14(A)(3) of the Ohio Revised Code makes specific findings in this case that it is necessary to protect the public and punish the offender and is not disproportionate to the conduct in this case. The conduct has been described in great detail and to danger the offender poses and also finds that harm in this case is great and unusual and that a single term would not adequately reflect seriousness of the conduct and the Court also specifically finds the offender's criminal history shows criminal history."
 {¶ 12} The Court concluded this statement by reminding the parties that it had previously stated that consecutive terms are necessary to protect the public from appellant because he had engaged in the sexual conduct with the victim over thirty times, the victim was thirteen years old, appellant engaged in extensive use of drugs and alcohol and impaired the victim with the same, and his conduct involved duct taping the victim's wrists and ankles together and videotaping the offenses to show others.
 {¶ 13} The trial court also stated its findings in its journal entry:
 "Pursuant to Revised Code section 2929.14(E), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public.
 "The Court also finds that the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct; and the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.
 {¶ 14} "Therefore, the sentences are to be served consecutively."
 {¶ 15} After careful review of the record, this Court finds that the trial court clearly made the required findings and provided the necessary reasons for imposing consecutive sentences upon appellant in both the sentencing transcript and its journal entry. Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR."
 {¶ 16} In his third assignment of error, appellant argues that the trial court erred in finding him to be a sexual predator. This Court disagrees.
 {¶ 17} In discussing the appropriate standard of review to be applied in sexual predator adjudications, this Court has held:
 "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard. That is, a sexual predator adjudication will not be reversed if there is `some competent, credible evidence' to support the trial court's determination. See State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41 ("We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence." (Citations omitted.)); State v. Gibson, 4th Dist. No. 01CA19, 2002-Ohio-5232, ¶ 9.
"***
 "In sum, when applying the clearly erroneous standard of review to sexual predator adjudications, this Court must determine whether there exists some competent, credible evidence in the record that would clearly and convincingly support a conclusion that a defendant is likely to commit another sexual offense." State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶¶ 6-10.
 {¶ 18} R.C. 2950.01 et seq. governs the classification of a defendant as a sexual predator. In order to be classified a sexual predator (1) a person must be convicted of a sexually oriented offense and (2) the state must prove by clear and convincing evidence that the defendant is likely to be a repeat sexual offender. R.C. 2950.01(E) and R.C. 2950.09(B)(4).
 {¶ 19} In the present case, appellant does not argue that he was not convicted of a sexually oriented offense. Rather, he claims that the trial court's determination that he was a sexual predator was manifestly against the weight of the evidence. Specifically, appellant refers to his psychological assessment, submitted to the court by Dr. Bendo, as the "weight of the evidence" and contends that it demonstrated he is not likely to be a repeat sexual offender. Appellant further argues that no evidence was presented to the court to establish that he had any history of sexually oriented offenses or any propensity to commit future sexually oriented offenses. Thus, appellant maintains that there was not clear and convincing evidence that he was likely to reoffend and the trial court erred in disregarding Dr. Bendo's psychological assessment of appellant.
 {¶ 20} In determining whether an offender is likely to commit another sexually oriented offense, R.C. 2950.09(B)(3) requires the trial court to consider all relevant factors including, but not limited, to:
"The offender's *** age;
 "The offender's *** prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 "The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 "Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 "Whether the offender *** used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "If the offender *** previously has been convicted of or pleaded guilty to, *** a criminal offense, whether the offender *** completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender *** participated in available programs for sexual offenders;
"Any mental illness or mental disability of the offender ***;
 "The nature of the offender's *** sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "Whether the offender ***, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 "Any additional behavioral characteristics that contribute to the offender's *** conduct."
 {¶ 21} During appellant's hearing, the trial court addressed all of the above factors individually and specifically applied them to the facts of appellant's case. It also walked through Dr. Bendo's psychological assessment of appellant by reiterating the results of appellant's tests and Dr. Bendo's conclusion that appellant had no psychological or sexual maladjustments. The court discussed that appellant was forty-nine years old and had an extensive criminal record involving numerous drug convictions, as well as DUI, disorderly conduct, and various weapon convictions. It stated that the victim was thirteen to fourteen years of age throughout the duration of appellant's conduct. The court also discussed that appellant used drugs and alcohol to impair his victim and prevent her from resisting his sexual offenses, and that the nature of his sexual conduct was a cruel and disturbing pattern with an already vulnerable teenage victim.
 {¶ 22} The trial court also referred to its review of the presentence report and acknowledged the following facts:
 "[The victim's] statement to the detective at that time she was living with Mr. Culgan during May of 1999 through July of 1999, and during this time, she indicated that on many occasions, approximately 30 to 40 occasions, the defendant, Mr. Culgan, would engage in sexual activities with her. She stated she was always high at the Culgan residence. The Defendant would give her Cocaine, Crack, Ecstasy, alcohol, during her stay, and every time the defendant wanted sexual favors from her, and she didn't want to tell him no because of being under the influence of drugs or alcohol and due to his size.
 "The Court must conclude in that particular cases that not only was drugs and alcohol used but also the nature of the particular conduct. The nature of the conduct also apparently includes, according to the interview conducted by the police revealed victim's incident where the defendant had [her], a 14 or 13 year old child duct taped and made to lay on the pool table, he engaged in sexual intercourse with her and with another woman and video taped this incident.
"***
 "The Court, for the record, outlined the videotape, pool table, baby oil, duct tape incident, which [the victim] indicates was one of the many that occurred in this matter. The Court has to make a determination on the basis of those factors and others whether the defendant is likely to engage in one or more sexual oriented offenses in the future. And the Court has to make that determination by clear and convincing evidence. In taking a look at all of those factors, *** there is sufficient clear and convincing evidence to make a finding that this defendant is a sexual predator[.]"
 {¶ 23} After reviewing the record, this Court finds that there was more than competent credible evidence to support the trial court's determination that appellant will likely commit another sexually oriented offense in the future. Consequently, this Court is satisfied that the adjudication of appellant as a sexual predator was supported by competent, credible evidence. Therefore, appellant's third assignment of error is overruled.
 III. {¶ 24} Accordingly, appellant's second and third assignments of error are overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and WHITMORE, J. CONCUR